IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA, | * | |
|---|---|---|
| Plaintiff, | * | |
| | | Case No. ELH-13-1963 |
| v. | * | |
| $88,549.00 IN UNITED STATES CURRENCY, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment and Order of Forfeiture ("Motion," ECF No. 9) filed by Plaintiff United States of America ("the government") arising from this forfeiture in rem action against $88,549.00 in United States Currency ("the defendant currency"). No response has been filed and the time for doing so has passed. *See* Loc. R. 105.2. On November 20, 2013, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Hollander referred this case to me to review the government's Motion and to make recommendations concerning damages. ECF No. 10. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that, following the time to object to this Report and Recommendation, the government's Motion for Default Judgment and Order of Forfeiture be GRANTED.

1

## I. FACTUAL BACKGROUND

On February 1, 2013, during the execution of a search warrant at 4150 Brown Bark Circle, Randallstown, Maryland ("the residence"),[1] law enforcement found and seized $81,093.00 in United States Currency. Antoine J. Wiggins ("Mr. Wiggins") and Dara April White ("Ms. White"), both adults, were located inside the residence at the time of the search. Several weeks later, during the arrest of Mr. Wiggins at the same address, $7,456.00 was found and seized from his person. The total amount seized during the execution of the warrants was $88,549.00, which constitutes the defendant currency that the government seeks to forfeit in this case.

## II. DISCUSSION

On July 5, 2013, the government filed its Verified Complaint for Forfeiture. ECF No. 1. On September 11, 2013, the government mailed copies of the Complaint and the related Notice of Complaint for Forfeiture via certified mail, return receipt requested, to Marc L. Zayon, Esquire,[2] who was then the attorney for Mr. Wiggins and Ms. White. ECF No. 7 at 3 ¶ 4. An agent in Mr. Zayon's office signed the return receipt for the Verified Complaint and notices on September 12, 2013. ECF No. 7-2 at 3 & 6. The Notice of Complaint for Forfeiture mailed with the Verified Complaint for Forfeiture contained instructions and procedures for filing a verified

---

[1] The government lists the address as 4150 Brown Bark Circle, Baltimore, Maryland in its Verified Complaint for Forfeiture. ECF No. 1 ¶ 3. However, in other documents, the government indicates that this property is located in "Randallstwon, MD" and "Randallstown, MD." The Court has confirmed that the subject property is located in Randallstown in Baltimore County, Maryland.

[2] The government mistakenly states that it sent "copies of the Verified Complaint and other pertinent documents" to "Mary L. Zayon, Esq." ECF No. 9 at 2. The government actually sent the documents to "Mark L. Zayon, Esq." ECF No. 7-2 at 3 & 6. The Court will take notice that the government intended to send the documents to *Marc* Zayon, and that it sent the documents to Mr. Zayon's correct address.

claim and stated that the verified claim must be filed with thirty-five days of receipt of the Notice of Complaint for Forfeiture. The Notice also stated that an answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure (*see* Supplemental Rule G(5)(b)) had to be filed within 21 days with the Clerk of this Court and a copy provided to the United States Attorney's Office. ECF No. 7-2 at 5. In addition, the government published notice of this case on an official government website, http://www.forfeiture.gov, beginning on September 12, 2013. ECF No. 7-3, p. 1-3. This notice stated:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (September 12, 2013) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter.

ECF No. 7-3 at 2. The notice went on to specify how the verified claim and answer must be filed with the Court and served on the United States Attorney's Office. ECF No. 7-3 at 2.

The government moved for entry of default on November 15, 2013 (ECF No. 7), and the clerk entered an Order of Default on November 18, 2013 (ECF No. 8). The government filed its Motion for Default Judgment and Order of Forfeiture (ECF No. 9) on November 19, 2013. No verified claims or answers to the Complaint for Forfeiture have been filed.

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure and Supplemental Rule ("Supp. R.") G govern default judgments in forfeiture actions in rem. *United States v. $85,000.00 in U.S. Currency*, No. WDQ-10-0371, 2011 WL 1063295 (D. Md. Mar. 21, 2011). "A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." Supp. R. G(4)(a)(i). The government may comply with the publication requirement by "posting a notice on an official

internet government forfeiture site for at least 30 consecutive days." Supp. R. G(4)(a)(iii)(c). The notice must "(A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with the claim and answer." Supp. R. G(4)(a)(ii). In addition to published notice, the government is required to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government." Supp. R. G(4)(b)(i). Such direct notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Supp. R. G(4)(b)(ii). Notice may be sent "to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture, or criminal case." Supp. R. G(4)(b)(iii). Here, the government complied with Supplemental Rule G's notice requirements by posting a notice on the official government forfeiture website for a period of 30 consecutive days (*see* ECF Nos. 9 at 2 & 7-3) and mailing notice to the attorney representing Mr. Wiggins and Ms. White, the only people who reasonably appeared to be potential claimants (*see* ECF Nos. 9 at 2 & 7-2). More than 60 days have passed and no verified claim or answer to the Complaint has been filed. *See* Supp. R. G(5)(a)(ii)-(b).

If the notice requirements are met, the entry of default judgment is a matter within the Court's discretion. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th

Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotations omitted); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ–09–1200, 2010 WL 2899036, at *2–3 (D. Md. June 17, 2010) (quoting *Ryan*, 253 F.3d at 780–81). However, even if a defendant is in default, a court must be satisfied that the complaint states a valid cause of action. *See Comm. for Ground Zero Museum Workshop v. Wilson*, No. DKC 09-3288, 2013 WL 210621 (D. Md. Jan. 17, 2013); *see also Ryan*, 253 F.3d at 780 ("The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.") (internal quotations omitted).

Thus, the Court should grant default judgment if the now unchallenged factual allegations support the claim sought by the government. The government's complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). It is the government's burden of proof by a preponderance of the evidence to demonstrate that the defendant currency is subject to forfeiture. 18 U.S.C. § 983(c)(1). Where, as here, the government's "theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the government is required to "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

### B. A Substantial Connection Between the Defendant Property and Criminal Activity

In its Complaint, the government contends that the basis for forfeiture is that the currency "was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange,

5

and was used and intended to be used to facilitate such violation." ECF No. 1 ¶ 7. The Declaration of Drug Enforcement Administration Special Agent Dennis W. Maye, attached to the Complaint and incorporated therein, provides a factual basis for the government's assertion that the defendant currency is forfeitable. ECF No. 1-1. The facts set forth in the Declaration, accepted as true, are sufficient to establish by a preponderance of the evidence that there is a substantial connection between the defendant currency and a controlled substance offense. *See* 18 U.S.C. § 983(c)(3).

In January 2013, Mr. Wiggins fled from a police officer and was observed throwing bags containing more than 500 gel capsules of heroin out of his vehicle's window. ECF No. 1-1 at 1. An additional 177 gel capsules of heroin were later recovered "in and around" Mr. Wiggins's vehicle. *Id.* After some investigation, law enforcement learned that Mr. Wiggins resided at the residence and obtained a search warrant for the residence. *Id.* During the execution of the warrant on February 1, 2013, Mr. Wiggins was found in the rear master bedroom. *Id.* He advised law enforcement that he had "between $80,000 - $100,000" in currency in his bedroom's top dresser drawer. *Id.* Ms. White "denied ownership of any large sums of currency and drugs in the house." $81,133.00 in currency (including two counterfeit bills), two money counter machines and five cellular phones were recovered from Mr. Wiggins's bedroom. *Id.* at 2. Law enforcement also recovered a number of other items from the residence, including one gel capsule of heroin, twenty-eight plastic bags containing an unidentified residue, and a police radio scanner. *Id.* Two additional cellular phones were recovered from the vehicle Mr. Wiggins had used to flee from the police in January 2013. *Id.*

In February 2013, Mr. Wiggins was arrested on an arrest warrant stemming from charges related to the January 2013 incident. *Id.* at 3. During a search incident to his arrest, law

enforcement recovered $7,456.00 in currency, wrapped in three bundles with rubber bands, from Mr. Wiggins's person. *Id*. Mr. Wiggins initially stated that the money was to be used to "buy computers" for his business and that it amounted to "three grand." *Id.* Mr. Wiggins later admitted that if law enforcement counted the currency, it would amount to $7,500.00. *Id*. A canine trained and certified in drug detection alerted for the presence of CDS on the currency. *Id.*

Mr. Wiggins's criminal history includes a number of contacts for possession and distribution level controlled dangerous substance ("CDS") offenses, and records maintained by the State of Maryland indicate that his reported total income for 2011 and 2012 was less than $15,000.00. *Id*. at 2-3.

In consideration of these facts, the government has shown a substantial connection between the defendant currency and a violation of the Controlled Substances Act. *See United States v. One 2003 Mercedes Benz CL500*, No. PWG-11-3571, 2013 WL 5530325 (D. Md. Oct. 3, 2013) (collecting forfeiture cases from the District of Maryland where the facts showed at least two of three factors, including "(1) the defendant currency was seized along with CDS, and/or CDS packaging material or paraphernalia; (2) the arrestee had a criminal history, often including CDS charges; and (3) the arrestee either had no wage history or minimal wages that were disproportionate to the amount of currency seized"). Within one month of the seizure of the defendant currency, Mr. Wiggins was observed in possession of a quantity of CDS consistent with distribution. The currency seized from Mr. Wiggins's residence was seized along with CDS paraphernalia. Mr. Wiggins has a criminal history that includes charges for distribution of CDS and a wage history that is inconsistent with his possession of an amount of currency as large as that seized from him in this case. Because the government has shown a substantial connection

between the defendant currency and criminal activity, its Complaint states a valid claim and it is entitled to default judgment as to the defendant currency.

Accordingly, I recommend that the government's Motion for Default Judgment and Order of Forfeiture be GRANTED.

### III. CONCLUSION

In sum, I recommend that:

A. The Court grant the Motion for Default Judgment and Order of Forfeiture;

B. The Court enter an Order transferring title of the Defendant Currency, $88,549.00, to the United States of America and directing the Attorney General to dispose of the Defendant Currency according to law;

C. I also direct that the Clerk mail a copy of this Report and Recommendation to the following:

1. Marc L. Zayon, Esq., 201 North Charles Street, Suite 1700, Baltimore, MD 21201;

2. A. Eduardo Balarezo, Balarezo Law, 400 Fifth St., NW, Suite 300, Washington, DC 20001

3. Dara April White, 4150 Brown Bark Circle, Randallstown, MD 21133;

4. Antoine J. Wiggins, 4150 Brown Bark Circle, Randallstown, MD 21133; and

5. Antoine J. Wiggins, Inmate 418206, Chesapeake Detention Facility, 401 East Madison Street, Baltimore, MD 21202.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


<u>December 12, 2013</u>                                    <u>         /s/                    </u>
Date                                                     Timothy J. Sullivan
                                                         United States Magistrate Judge

9